IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

ANGELA VALCHO, on Behalf           §
of Herself and All Others          §
Similarly Situated,                §
                                   §
                    Plaintiff,     §
                                   § Civil Action No. 3:07-CV-1853-D
VS.                                §
                                   §
DALLAS COUNTY HOSPITAL             §
DISTRICT d/b/a PARKLAND HEALTH     §
AND HOSPITAL SYSTEM,               §
                                   §
                    Defendant.     §

                           MEMORANDUM OPINION
                              AND ORDER

Plaintiff Angela Valcho ("Valcho"), on her behalf and on behalf of those similarly situated, brings this putative collective action under 29 U.S.C. § 216(b), a provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime pay. She moves for conditional certification and court-facilitated notice to potential class members. For the reasons that follow, the court denies the motion.

                                   I

Valcho was a nurse employed on an hourly basis by defendant Parkland Health and Hospital System ("Parkland"). To record her compensable time, she would "clock in" at the beginning of each shift and "clock out" at the end. To account for a mandatory meal period required of all hourly-paid nurses, Parkland would deduct 30 minutes from the total time recorded for each shift. *Cf.* 29 C.F.R. § 785.19 (2007) (establishing that employer is not required to

compensate employees for "[b]ona fide meal periods").

Valcho alleges that, due to short staffing and the nature of nursing work, she was frequently required to work through all or part of her meal periods, even though she was not compensated for doing so. *Cf. id.* (stating that employer is not excused from compensating employee who was not "completely relieved from duty" during meal periods). She avers that her failure to receive compensation ultimately deprived her of overtime pay, in violation of 29 U.S.C. §§ 206(a) and 207(a)(1). Valcho brings this lawsuit as a putative collective action under § 216(b). She requests that the court conditionally certify the collective action and approve court-facilitated notice to a class defined as follows:

> [a]ll nursing employees paid an hourly rate who worked for [Parkland] who were subject to automatic deductions for lunch or other breaks but who actually worked all or part of one or more of those lunches or breaks from November 7, 2004 to the present.

P. Br. 6.

II

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of similarly situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court. 29 U.S.C.A. § 216(b). Where a plaintiff seeks to bring a collective action, district courts may, in their discretion, facilitate notice to potential plaintiffs of their right to opt-in to the suit. *Hoffmann-La Roche,*

*Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (involving claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., which incorporates relevant provisions of the FLSA); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (applying *Hoffmann-La Roche* to FLSA context). Although the Fifth Circuit has declined to adopt a specific test to determine when courts should exercise their discretion to facilitate notice or certify a collective action, this court has adopted the two-stage test that prevails among federal courts. *See Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.) (applying prevailing standard); *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (declining to adopt specific standard, but finding no abuse of discretion where district court applied prevailing standard).

Under this test, the court first determines whether the plaintiff has provided sufficient evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice. *Aguilar*, 2004 WL 2293842, at *1. If she has, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. *Id.* Second, the court reexamines the class after notice, time for opting in, and discovery has taken place, typically in response to defendant's motion. *Id.* If it finds that the class is no longer made up of similarly-situated persons, it

decertifies the class. *Id.* "To establish that employees are similarly situated, a plaintiff must show that [she is] similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Id.* (internal quotation marks omitted).

The court is generally more "lenient" with regard to substantial similarity during the "notice" stage of the analysis, *id.,* but "notice is by no means mandatory." *Harris v. Fee Transp. Servs., Inc.,* 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006) (Solis, J.) (citing *Hall v. Burk*, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (Sanders, J.)). "[T]he relevant inquiry in each particular case is whether it would be appropriate to exercise [the court's] discretion" to facilitate notice. *Id.*[1] A primary reason for exercising this discretion is to ensure that the joining of other parties occurs in an "orderly, sensible, . . . efficient and proper way." *See Hoffman-La Roche*, 493 U.S. at 170-71. The use of court-facilitated notice can ensure that information is timely, accurate, and informative, and can guard against abuse by misleading communications. *Id.* at 171-72. Moreover, the parties and the court can benefit from settling disputes about the content of the notice before it is distributed, because it may avoid the

---

[1] A court's refusal to facilitate notice does not itself prevent a plaintiff from using *independent* efforts to identify potential plaintiffs of the lawsuit. *See Hoffman-La Roche*, 493 U.S. at 170-71 (implicitly assuming this fact).

- 4 -

need to cancel consents obtained in an improper manner. *Id.* at 172.

But before granting court-facilitated notice, the court should satisfy itself that there are other similarly situated employees of Parkland who would desire to opt-in to this lawsuit. *Dybach v. State of Fla. Dep't of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1992); *see also H & R Block*, *Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999) ("Courts . . . have considered factors such as . . . whether affidavits of potential plaintiffs were submitted . . . [and have required] a factual showing suggesting that [the potential plaintiffs] were similarly situated." (citations omitted)). This is because "courts . . . have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *D'Anna v. M/A-Com, Inc.,* 903 F. Supp. 889, 894 (D. Md. 1995) (internal quotation marks omitted). The court must ensure that "an employer [is] not . . . unduly burdened by a frivolous fishing expedition[.]" *Id.*

For these reasons, the court has less cause for leniency during the "notice" phase of the analysis where a plaintiff has already conducted discovery on the certification issue. *See, e.g., Harris,* 2006 WL 1994586, at *3 ("[W]here the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent.") (collecting cases). One of the rationales for leniency "is that at the early stages of

litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery." *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D. Ala. 2004) (citation omitted). Thus because the court does not intend that its powers be used for a "frivolous fishing expedition," *D'Anna,* 903 F. Supp. at 894, it will hesitate to facilitate notice where a plaintiff, having already conducted discovery, still cannot support her claim with evidence. *See Davis,* 303 F.Supp.2d at 1277 (stating that plaintiff must adduce evidence beyond her own testimony); *H&R Block,* 186 F.R.D. at 400 (same).

III

Valcho has had the benefit of three months of discovery. According to the parties' proposed scheduling order, this is the total amount of discovery time that they had allocated to the class certification issue. The court can therefore reasonably expect Valcho to be able to produce evidentiary support beyond the bare allegations contained in her complaint and personal declaration. *See Thiessen v. Gen. Elec. Capital Corp.*, 996 F. Supp. 1071, 1080-81 (D. Kan. 1998) (holding that plaintiff was "beyond the 'notice stage'" after having three months of discovery and having obtained opt-in consent forms, and therefore analyzing the "similarly situated" issue under heightened evidentiary standard); *Morisky v.*

*Pub. Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497-98 (D. N.J. 2000) (applying heightened evidentiary standard where discovery was completed by time motion was filed). This conclusion is reinforced by the fact that Valcho made other efforts to identify potential plaintiffs, such as maintaining a website for the purpose of informing and recruiting potential plaintiffs and mailing written communications directly to Parkland nurses. As previously explained, the court is not inclined to use its powers to facilitate notice where a plaintiff, having had an opportunity to develop the factual basis for a collective action (i.e., to prove that there are similarly situated employees who would desire to opt in to the litigation), fails to do so. *See Davis,* 303 F.Supp.2d at 1276; *D'Anna,* 903 F. Supp. at 894.

In this case, however, Valcho relies exclusively on the bare allegations of her personal declaration, without any supporting evidence. And Parkland directly contradicts one of her central allegations: that Parkland has no "policy or practice to insure that nurses who work through their lunch or who are interrupted during lunch with work are properly compensated for that time." P. App. 6 (declaration). According to Parkland's evidence, all Parkland nurses are required to report the time they work during meal-periods time to their supervisors, who in turn report this information to payroll personnel (who manually update the records to ensure proper compensation). D. App. 24-25 (declaration of Ron

Van Iderstine, Director of Employment and Employee Relations). Nurses are informed of this policy at their new employee orientation and are periodically reminded of it through written memoranda. *Id.* Although this protocol may not prove to be true in practice—i.e., nurses may in fact work through lunch without being compensated—Valcho does not contradict these facts with evidence of her own. The court therefore accepts Parkland's evidence as true for purposes of deciding this motion. *See Dudley v. Tex. Waste Sys., Inc.,* 2005 WL 1140605, at *2 (W.D. Tex. May 16, 2005) (refusing to conditionally certify collective action because plaintiff failed to refute defendant's evidence of similar policy for compensating extra work performed). And although, without citing authority, Valcho criticizes the fact that Parkland places on its employees the responsibility of reporting the time that they work, Parkland's policy is legally sound in this respect. *See Wood v. Mid-Am. Mgmt. Corp.,* 192 Fed. Appx. 378, 380-81 (6th Cir. 2006) (dismissing FLSA claim involving employer who required employees to self-report overtime hours, and explaining that the employee "should [have] report[ed] the overtime hours himself"); *Dudley*, 2005 WL 1140605, at *2 (declining to certify collective action where policy required employees to "advise management [if they work through their meal period] so they [could] be compensated for that working time").

In her reply brief, Valcho points to evidence in *Parkland's*

appendix that some employees—due to their occasional failure to report time worked—had not received compensation for work during meal periods. This fact was revealed in an audit by the Department of Labor in January 2006 (the "Audit"), which identified 335 nurses who had, between January 2004 and January 2006, worked through some of their meal breaks without reporting their time. D. App. 26. After obtaining this information, however, Parkland paid each nurse the amount she was due, and each nurse signed a release stating that she had no further claim to unpaid wages during the period covered by the Audit. D. App. 26. Thus although the Audit demonstrates that *at one time* 335 nurses had potential FLSA claims against Parkland for unpaid overtime, these claims have been resolved. *See id.* And Parkland's evidence shows that, since that time, it has undertaken additional efforts to educate its personnel about its policy and to ensure that supervisors report the extra hours their employees work. *Id.* at 26-27. Parkland's proof also shows that it has implemented a disciplinary process for employees who continue to work through meal periods without authorization. *Id.* at 30 (June 22, 2006 Memorandum to Supervisors). Valcho presents no evidence that these efforts have been unsuccessful (i.e., that employees continue to be under-compensated to a degree that would justify a collective action).[2]

---

[2]After Valcho filed her motion, one person submitted a written consent to join the lawsuit. This lone consent, compared to the fact that Parkland currently employs in excess of 1,600 nurses on

For the foregoing reasons, the court declines in its discretion to facilitate notice to the putative class members.

\* \* \*

Valcho's May 12, 2008 motion for conditional certification and notice to putative plaintiffs is therefore denied.

**SO ORDERED.**

August 19, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

an hourly basis (which would not include *former* employees within the proposed class), is insufficient to justify court-facilitated notice, especially in light of the time available to Valcho for discovery, and her other efforts. *See White v. Kcpar, Inc.*, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006) (declining to grant court-facilitated notice where only two consenting claimants had been identified, and observing that best approach was to allow these persons to join as named parties) (collecting cases); *Rodgers v. CVS Pharm., Inc.*, 2006 WL 752831, at *4 (M.D. Fla. May 23, 2006) (holding that two consent forms were insufficient to warrant court-facilitated notice).