IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA VALCHO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:07-CV-1853-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT d/b/a PARKLAND HEALTH | § | |
| AND HOSPITAL SYSTEM, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A hospital nurse sues her former employer to recover unpaid overtime wages and straight-time wages.  She also seeks leave to amend her complaint.  For the following reasons, the court grants in part and denies in part defendant's motion for summary judgment and denies plaintiff's motion to amend.

I

Plaintiff Angela Valcho ("Valcho") sues defendant Dallas County Hospital District, doing business as Parkland Health and Hospital System ("Parkland"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Parkland employed Valcho as a nurse.  From 2000 through 2007 she worked in the Neonatal Intensive Care Unit ("NICU").[1]

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Valcho as the summary judgment nonmovant and draws all reasonable inferences in her favor.  *E.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex.

Valcho's FLSA claims for unpaid wages consist of two components. First, Valcho alleges that Parkland failed to pay her overtime compensation, in violation of the FLSA, 29 U.S.C. § 207. Specifically, Valcho seeks unpaid overtime for the period of November 7, 2004 through March 30, 2005.[2] During this period, she was employed as a Registered Nurse II ("RN-II") and was a member of the NICU Resuscitation Team. Her duties included attending deliveries as part of a high-risk neonatal team to resuscitate and stabilize newborns, admitting them into the NICU, and monitoring and caring for them.

Before March 30, 2005 Parkland classified Valcho as a professional who was exempt from the FLSA's overtime pay requirements.[3] Parkland paid Valcho biweekly at a base rate of $24.41 per hour for 80 hours of work, with shift differential add-ons for work performed during night and weekend shifts. As an RN-

---

2006) (Fitzwater, J.)).

[2]November 7, 2004 is three years prior to the date Valcho filed this lawsuit. Valcho argues that a three-year statute of limitations applies to her FLSA claims because Parkland willfully violated the FLSA. March 30, 2005 corresponds to the last day Parkland classified Valcho as a professional exempt from the FLSA's overtime pay requirements. On March 30, 2005 Parkland reclassified Valcho and other nurses as nonexempt employees and began paying them time and one-half for overtime hours.

[3]Although Valcho contends that the professional exemption should not apply to her because she was not paid a salary, she does not dispute that Parkland classified her as an exempt professional during this period. All of the Human Resource Action Forms from this period indicate that her FLSA status was that of an exempt professional.

II, Valcho routinely worked more than 80 hours during her 14-day pay periods.  Parkland paid Valcho at the base rate of $24.41 per hour for overtime hours.  It is undisputed that Parkland did not pay Valcho time and one-half for overtime.

On March 30, 2005 Parkland reclassified Valcho and most other nurses as nonexempt under the FLSA.  As nonexempt employees, they were paid by the hour and received time and one-half compensation for overtime.  Parkland undertook this reclassification in response to changing market conditions and the desire of many nurses to be paid by the hour instead of on the basis of a guaranteed minimum salary.

The second component of Valcho's FLSA claim rests on the assertion that, throughout her employment, Parkland failed to pay her straight-time wages for meal breaks during which she worked.  To record her compensable time, she would "clock in" at the beginning of each shift and "clock out" at the end.  To account for a mandatory meal period required of nurses, Parkland would deduct 30 minutes from the total time recorded for each shift.  *Cf.* 29 C.F.R. § 785.19 (2009) (establishing that employer is not required to compensate employees for "[b]ona fide meal periods").  Valcho alleges that, due to short staffing and the nature of nursing work, she was frequently required to work through all or part of her meal periods, even though she was not compensated for doing so.  *Cf. id.* (stating that employer is not excused from compensating employee

who was not "completely relieved from duty" during meal periods).

Parkland moves for summary judgment on Valcho's claims for unpaid overtime wages and unpaid straight-time wages. Valcho opposes the motion.[4] After Parkland filed its motion, Valcho filed a motion for leave to amend to conform to the evidence.

## II

### A

The FLSA's overtime provision provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee is exempt from this overtime pay requirement, however, if she is employed in a bona fide professional capacity. *Id.* § 213(a)(1). The "learned professional" exemption applies to employees whose primary duty is "the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" and who are compensated on a salary basis. 29 C.F.R. § 541.301(a) (2009); *see also id.*

---

[4]In its reply brief, Parkland objects to certain evidence on which Valcho relies. Because the court is either granting summary judgment in favor of Parkland notwithstanding the evidence to which objection has been made, or because it is denying summary judgment without relying on evidence to which Parkland objects, the court overrules the objections as moot.

§ 541.300.   "Registered nurses who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption."   *Id.* § 541.301(e)(2).

An employee is considered to be paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."   *Id.* § 541.602(a).   An exempt professional's compensation may be computed on an hourly basis without violating the salary basis requirement as long as she is guaranteed the minimum required amount during each pay period and the guaranteed amount bears a reasonable relationship to the amount actually earned.   *See id.* § 541.604(b).   An employer may also pay an exempt professional additional compensation, including compensation for overtime hours, without violating the salary basis requirement. *See id.* § 541.604(a); *York v. City of Wichita Falls*, 944 F.2d 236, 242 (5th Cir. 1991) (holding that "[p]aying an hourly rate for each hour worked beyond the regular schedule" does not violate the salary basis requirement).

B

Parkland's summary judgment burden depends on whether it is addressing a claim or defense for which it will have the burden of

- 5 -

proof at trial. To be entitled to summary judgment on an affirmative defense for which it will have the burden of proof, Parkland "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). The court has noted that the "beyond peradventure" standard is "heavy." *See, e.g., Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.).

When Parkland will not have the burden of proof on a claim at trial, it need only point the court to the absence of evidence of any essential element of Valcho's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, Valcho must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Valcho. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Valcho's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving party fails to meet this burden.

*Little*, 37 F.3d at 1076.

### III

Parkland first contends that Valcho's claim for unpaid overtime compensation is barred by the applicable statute of limitations.

### A

A cause of action for unpaid overtime brought under the FLSA "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The FLSA plaintiff bears the burden of showing that an employer's violation was willful. *See Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990). To establish a willful violation, the plaintiff "must show that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA]." *Id.* (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). "The Supreme Court has specifically stated that the word 'willful' refers to conduct that is voluntary, deliberate, and intentional, and not merely negligent." *Dalheim v. KDFW-TV*, 706 F. Supp. 493, 511 (N.D. Tex. 1988) (Fitzwater, J.) (citing *McLaughlin*, 486 U.S. at 128), *aff'd*, 918 F.2d 1220 (5th Cir. 1990). Thus a negligent violation of the FLSA is not willful, "[n]or is a good faith but incorrect assumption that a pay plan complied with the FLSA."

- 7 -

*Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903, 924 (E.D. La. 2009) (citing *McLaughlin*, 486 U.S. at 135).

B

Parkland argues that, because Valcho has failed to provide any evidence of a willful violation of the FLSA's overtime provisions, the two-year statute of limitations applies. Because Valcho commenced this lawsuit on November 7, 2007, claims for unpaid overtime accruing before November 7, 2005——which includes all of the alleged unpaid overtime that Valcho seeks——would be barred under the two-year statute of limitations. Because Valcho will bear the burden of showing that Parkland willfully violated the FLSA, Parkland can, as it has here, seek summary judgment by pointing to the absence of evidence of willfulness. Valcho must go beyond her pleadings and designate specific facts creating a genuine issue for trial.

Parkland at all times has maintained that Valcho was exempt from the FLSA's overtime pay requirements prior to March 31, 2005 because she was properly classified as an exempt learned professional. Therefore, for the statute of limitations to be extended to three years, Valcho must produce evidence that would enable a reasonable jury to find that Parkland's classifying her as an exempt learned professional was a willful contravention of the FLSA. Valcho has not met this burden.

C

1

Valcho does not dispute that, as an RN-II in the NICU, she met the duties requirement of the learned professional exemption. Registered nurses generally meet the duties requirement of the exemption, *see* 29 C.F.R. § 541.301(e)(2), and Valcho, who was registered in Texas, was not an exception.  As an RN-II and a member of the NICU Resuscitation Team, Valcho's primary duties undisputedly "requir[ed] advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction."  *Id.* § 541.301(a).

2

Although Valcho undisputedly performed the duties of a learned professional, Valcho maintains that Parkland did not pay her on a salary basis that comported with the exemption requirements.  She contends that Parkland paid her as an hourly employee and that she did not receive a guaranteed salary.  Parkland posits that it paid Valcho on a salary basis.  Parkland's Payroll Manager attests that, as a professional exempt employee, Valcho was paid a guaranteed minimum salary for each two-week pay period.  The purported guaranteed minimum salary was $1,952.80 for each pay period, and was calculated based on an 80-hour pay period at Valcho's hourly rate (80 hours x $24.41 per hour = $1,952.80).  Valcho was also paid shift differential add-ons for work performed during night and

Case 3:07-cv-01853-D   Document 156   Filed 08/14/09   Page 10 of 26   PageID 2247


weekend shifts, and a straight-time add-on ($24.41 per hour) for hours worked in excess of 80 during the pay period.

In determining whether Valcho has provided evidence of a willful violation of the FLSA, the court need not determine whether Parkland's payment of Valcho actually comported with the exemption requirements. It need only decide whether there is evidence in the summary judgment record that would enable a reasonable jury to find that Parkland knew or recklessly disregarded the fact that it did not comport with them.

It is not obvious or clear from the record that Valcho was *not* paid on a salary basis. Under the FLSA, an employee is considered to be paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." *Id.* § 541.602(a). The summary judgment record shows that Parkland paid Valcho at least $1,952.80 (80 hours x $24.41 per hour) every two-week pay period, even the pay periods during which Valcho worked fewer than 80 hours. Valcho has adduced no evidence that she was paid less than $1,952.80 during any pay period in which she was classified as an exempt professional.[5] Nor has she provided any

---

[5]Valcho argues that there are a number of weeks for which she was not paid $976.40, which is half of the purported minimum guaranteed salary of $1,952.80. This fact is irrelevant, however,

evidence that her compensation was reduced because of the quality
or quantity of work performed.  In fact, the summary judgment
record does not show any reductions in Valcho's compensation for
any reason.  It shows that when she took time off and did not work,
whether voluntarily or at the request of Parkland, she was still
compensated through "Paid Time Off" ("PTO").  She was also paid
when she missed work for jury duty.

    The fact that Valcho's earnings were calculated on an hourly
basis did not violate the salary basis requirement, provided she
was guaranteed the minimum required amount regardless of the number
of hours worked, and there was a reasonable relationship between
the amount actually earned and the guaranteed amount.  *See id.*
§ 541.604(b).  It is undisputed that Valcho was always paid in
excess of the minimum required amount, which is $910 for an
employee compensated biweekly, *id.* § 541.600(b), and it appears
that there was a reasonable relationship between the amount Valcho
earned and her guaranteed biweekly salary of $1,952.80.  Although
Valcho often received more than her minimum guaranteed salary, an
employer may pay an exempt professional additional compensation,
including for overtime hours, without running afoul of the salary
basis requirement.  *See id.* § 541.604(a).  Thus the shift

_____

because Parkland paid Valcho on a biweekly basis, not a weekly
basis.  And despite Valcho's contention, paying her a minimum
guaranteed salary on a biweekly basis is permitted by the FLSA
regulations.  *See* 29 C.F.R. § 541.602(a) (permitting payment of a
salary on a weekly "or less frequent basis").

differential add-ons and straight-time pay for hours worked in excess of 80 that Parkland paid Valcho are permitted under the FLSA.  The court need not conclude that Parkland's method of payment actually satisfied the salary basis requirement; it need only decide that a reasonable jury could find no blatant incongruities between Parkland's method of payment and the salary basis regulations that could serve as evidence of a willful FLSA violation.  Moreover, Valcho does not offer evidence that she or any other employee ever complained about or questioned the fact that she was classified as an exempt learned professional who did not receive time and one-half overtime compensation.

In attempting to proffer evidence that Parkland's classification of Valcho as an exempt professional was a willful violation of the FLSA, Valcho makes only two arguments.  First, she argues that Parkland's use of a 14-day work period demonstrates willfulness because Parkland must use a 7-day work week for overtime purposes unless 29 U.S.C. § 207(j) applies.  Section 207(j) permits a hospital to use a 14-day work period for purposes of overtime computation as long as the employee and employer agree to this arrangement and the employee is compensated time and one-half for overtime hours.  Section 207(j) is inapposite here, however, because Valcho was classified as a learned professional who was exempt from the FLSA's overtime requirements, including those of § 207.  In other words, § 207(j) applies only to nonexempt

- 12 -

employees.    As  discussed  above,  in  the  case  of  a  learned

professional  paid  a  salary,  an  employer  is  permitted  to  use  a

biweekly  pay  period.    *See*  29  C.F.R.  §  541.602(a)  (permitting

payment  of  a  salary  on  a  weekly  "or  less  frequent  basis").

Therefore,  Parkland's  use  of  a  biweekly  pay  period  is  consistent

with  its  classification  of  Valcho  as  an  exempt  professional  and  is

insufficient  to  enable  a  reasonable  jury  to  find  that  Parkland

willfully  violated  the  FLSA.

Valcho  next  argues  that  Parkland's  practice  of  requiring

employees  (including  Valcho)  who  were  supposedly  paid  a  salary  to

use  PTO  for  absences  occasioned  by  Parkland,  such  as  during  times

of  low  patient  census,  demonstrates  reckless  disregard  for  the

FLSA's  overtime  requirements.    Valcho  points  to  one  instance  in

which  she  used  eight  hours  of  PTO  when  she  was  asked  to  stay  home

because  of  "Low  Census."    Curiously,  Valcho  quotes  a  recent

Department  of  Labor  opinion  letter  that  expressly  permits

Parkland's  PTO  practice:

> [A]n employer can substitute or reduce an
> exempt employee's accrued leave for the time
> an employee is absent from work, even if it is
> less than a full day and even if the absence
> is directed by the employer because of lack of
> work, without affecting the salary basis of
> payment, provided that the employee still
> receives in payment an amount equal to the
> employee's guaranteed salary.

Wage-Hour Op. Ltr. FLSA 2009-18 (Jan. 16, 2009).  As discussed

above,  Valcho  always  received  her  minimum  guaranteed  salary,

- 13 -

including the pay periods during which she used PTO. Thus Parkland's PTO practices, which are permitted under the FLSA, are insufficient to enable a reasonable jury to find a willful FLSA violation.

Valcho has not adduced sufficient evidence to enable a reasonable jury to find that Parkland knew or recklessly disregarded the alleged fact that it was mis-classifying Valcho. The evidence is insufficient to permit the finding that Parkland did not believe in good faith that Valcho was properly classified as an exempt professional. Therefore, the two-year statute of limitations applies to Valcho's claim for unpaid overtime, and her claim for unpaid overtime accruing before November 7, 2005 is time-barred. Because Valcho only seeks unpaid overtime for the period of November 7, 2004 through March 30, 2005, the court grants summary judgment dismissing Valcho's claim for unpaid overtime.

IV

Valcho also seeks unpaid straight-time wages for meal breaks that she worked through and was unable to take. To account for meal breaks, Parkland would automatically deduct 30 minutes from the total time recorded for each shift. Valcho maintains that, due to short staffing and the nature of the work in the NICU, she was frequently required to work through all or part of her meal periods, and that she was not compensated for doing so.

A

The FLSA prescribes minimum wage and overtime pay requirements. *Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1266-67 (4th Cir. 1996). Claims for unpaid straight-time wages that do not implicate the minimum wage or overtime pay requirements are generally not cognizable under the FLSA. *See, e.g., Green v. Dallas County Schs.*, 2005 WL 1630032, at *3 (N.D. Tex. July 6, 2005) (Solis, J.) (citing *Monahan*, 95 F.3d at 1282). These claims are often called "gap time" claims, and Judge Solis defined them as follows in *Green*:

> Although there is no Fifth Circuit case law on "gap time" claims, Courts of Appeal and District Courts in other circuits have used the term "'gap time' to refer to 'time that is not covered by the overtime provisions because it does not exceed the overtime limit, and . . . time that is not covered by the minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.['"]

*Id.* (quoting *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 WL 1882449, at *5 (N.D. Ill. Aug. 18, 2004)). As is suggested in the definition of "gap time" claims, courts generally recognize claims for unpaid straight-time pay when the employee has worked overtime qualifying hours during that pay period. *See, e.g., Barvinchak v. Ind. Reg'l Med. Ctr.*, 2007 WL 2903911, at *4-*6 (W.D. Pa. Sept. 28, 2007) (discussing cases and holding that employee's claim for unpaid straight-time compensation during weeks in which she worked

- 15 -

in excess of 40 hours was viable under FLSA).  The FLSA regulations also support the viability of a straight-time claim for weeks when the employee has worked overtime, and the regulation entitled "Payment for all hours worked in overtime workweek is required" provides that proper overtime compensation under the FLSA "cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." 29 C.F.R. § 778.315.  In other words, if an employee is not paid for all of her straight-time hours during weeks in which she has worked overtime, she has not been paid proper overtime compensation, and § 207 of the FLSA is implicated.

B

Valcho brings a general claim for unpaid straight-time wages due to missed meal breaks.  She does not differentiate between weeks in which she worked overtime hours and weeks in which she did not.[6]  For the weeks in which Valcho did not work in excess of 40 hours, her claim for straight-time wages is not viable under the FLSA.

---

[6]The FLSA's minimum wage provisions are not implicated in the present case.  Even if it were assumed that Valcho missed every meal break during her employment, she was still compensated well above minimum wage for the hours she worked.

C

There are some weeks when Valcho did work in excess of 40 hours, and her claim for straight-time wages is limited to these weeks.  When considering Valcho's claim for unpaid straight-time wages during weeks in which she worked in excess of 40 hours, the court must further divide the wages Valcho seeks into three time periods:[7] (1) the wages for weeks prior to March 30, 2005, during the period when Valcho was classified as an exempt professional; (2) the wages for weeks between March 30, 2005 and November 7, 2005, during the period when Valcho was classified as nonexempt but that falls beyond the two-year statute of limitations; and (3) the wages for weeks subsequent to November 7, 2005, during the period when Valcho was classified as nonexempt and that falls within the two-year statute of limitations.

1

The court first considers Valcho's claim for unpaid straight-time wages for weeks prior to March 30, 2005.  During this period, Parkland classified Valcho as a learned professional exempt from the FLSA's overtime requirements.  Valcho's claim for straight-time wages for this period is dismissed for the same reasons as her unpaid overtime claim was dismissed.  *See supra* § III(C).  The

---

[7]"A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir.), *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987).

- 17 -

claim for straight-time wages is only cognizable if Valcho was not exempt from the overtime requirements of the FLSA, and, as the court has held, Valcho has not adduced evidence that would enable a reasonable jury to find that Parkland willfully mis-classified Valcho as exempt.  Because Valcho has not produced such evidence, her claim is barred by the two-year statute of limitations.  *See* 29 U.S.C. § 255(a).

2

The court next turns to the third time period: weeks subsequent to November 7, 2005.  This period falls within the FLSA's two-year statute of limitations.  *See id.*  Valcho was classified as a nonexempt employee at this time, and the FLSA's overtime provisions applied.  Therefore, Valcho can recover unpaid straight-time wages for meal periods she worked through during weeks after November 7, 2005 in which she worked overtime qualifying hours.  The court concludes that this claim for straight-time wages survives summary judgment because there are genuine issues of material fact that remain.[8]

Although Parkland contends that it did not have actual or constructive knowledge that Valcho worked through meal breaks, a jury could reasonably find that Parkland in fact knew that she did.

---

[8]When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact.  *See, e.g., Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.).

Parkland relies primarily on the facts that it had a policy in place for reporting instances in which a nurse was forced to work through a meal period, and that Valcho never reported that she worked through meal periods.  Valcho has adduced evidence, however, that it was the established practice and expectation in the NICU for nurses to work through meal periods or cut meal periods short.  According to Valcho, charge nurses and managers often interrupted her meal periods, so they were aware that she was not always taking full meal breaks.  She also attests that, as part of the NICU Resuscitation Team, she was required to carry a walkie-talkie at all times, even during meal periods, and immediately respond when needed.  Valcho has proffered the declaration of another NICU nurse to support these assertions.  Moreover, during this period, the Department of Labor conducted an audit of Parkland's pay practices, specifically focusing on claims that employees were not being compensated for missed meal breaks.  Based on the summary judgment record, a reasonable jury could find that Parkland knew that Valcho worked through meal breaks.  Therefore, the court denies Parkland's motion for summary judgment as to claims of unpaid straight-time wages for missed meal breaks during weeks after November 7, 2005 when Valcho worked overtime.

3

The same fact issues remain as to Valcho's claim concerning missed meal breaks during weeks between March 30, 2005 and November

- 19 -

7, 2005.  But because this period falls beyond the two-year statute of limitations, Valcho must also show that Parkland's violation of the FLSA was willful in order to extend the statute of limitations to three years so that these claims are not time-barred.  *See* 29 U.S.C. § 255(a).  The court holds that there is a genuine issue of material fact whether Parkland knew or recklessly disregarded the fact that failing to compensate Valcho, who was classified as nonexempt during this time, violated the FLSA's overtime provisions.  Based on the evidence discussed above,[9] a reasonable jury could find that Parkland's violations during this period were willful.

Accordingly, Valcho's claims for unpaid straight-time wages accruing between March 30, 2005 and November 7, 2005 also survive summary judgment.

V

Valcho also seeks liquidated damages pursuant to 29 U.S.C. § 216(b).  Because genuine issues of material fact remain as to Valcho's claims for unpaid straight-time accruing after March 30, 2005, and as to whether the alleged violations were willful, Parkland is not entitled to summary judgment dismissing Valcho's liquidated damages claim, and the motion is denied in this respect.

_____

[9]This includes evidence that the court will not discuss in detail because it is denying summary judgment in this respect.  *See supra* note 8.

VI

On June 30, 2009, after briefing on Parkland's motion for summary judgment had concluded, Valcho filed a motion for leave to amend the pleadings to conform to the evidence pursuant to Fed. R. Civ. P. 15(b).[10]  Valcho seeks to amend her pleadings to add state-law claims for breach of contract and *quantum meruit*.[11]  Because Valcho has not shown good cause for this amendment, the court denies the motion.

A

As a preliminary matter, Valcho states that she is moving to amend her pleadings out of an abundance of caution, but that the amendment is unnecessary because her complaint sufficiently pleads these state-law claims.  The court disagrees.

_____

[10]Valcho actually cited Rule 16(b).  Moreover, although styled as a "motion to amend the pleadings to conform to the evidence," which may be filed during or after trial pursuant to Rule 15(b), it is not such a motion.  Because this case has not been tried, it is simply a motion to amend the pleadings that is governed by Rules 15(a)(2) and 16(b).  Moreover, Rule 15(b) is subject to the rule that a case is governed by the pretrial order, which supersedes the pleadings.  *See, e.g.*, *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996) ("It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.") (quoting *Branch-Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991)).  Therefore, Valcho cannot rely at trial on Rule 15(b) to overcome a deficiency in the pretrial order regarding the scope of her claims.

[11]The motion includes Santhamma George ("George") as a plaintiff, an inclusion that Parkland disputes.  On July 21, 2009, however, the parties stipulated that George's claims are dismissed with prejudice.  It is therefore undisputed that George is not a party to this lawsuit.

Although the notice pleading standard does not impose a high bar, Rule 8(a)(2) does require that a pleading that states a claim for relief be "a short and plain statement of the claim showing that the pleader is entitled to relief." The essential function of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). Valcho's complaint explicitly asserts claims for relief under the FLSA, but it does not give notice of any state-law claims, much less mention or allude to a breach of contract claim or *quantum meruit*. Therefore, amendment of her complaint is necessary if she is to assert, and to be entitled to present at trial, claims for breach of contract and *quantum meruit*.

B

When, as here, the deadline for seeking leave to amend pleadings has expired,[12] a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). To meet the good cause

---

[12]Under the scheduling order, the deadline for filing a motion for leave to amend pleadings expired July 1, 2008, almost one year before Valcho filed her motion.

standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See S&W Enters.*, 315 F.3d at 535. If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

C

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). Applying these factors, the court concludes that Valcho has not shown good cause.

Although, as Parkland acknowledges, the amendment is important to Valcho's case, the absence of a legitimate explanation for failing to timely move for leave to amend, and the prejudice that Parkland would suffer if the amendment were allowed, far outweigh the other factors. The explanation Valcho gives for failing to timely move for leave to amend is that she was not aware that the straight-time claims in her complaint might be insufficient until

- 23 -

Parkland filed its motion for summary judgment. It is undisputed that there was no reason Valcho could not have pleaded the state-law claims before the July 1, 2008 deadline to amend. Essentially, Valcho admits that she only sought leave to add the state-law claims after she realized that her straight-time claims brought under the FLSA were in danger of being dismissed on the merits, and that she only realized this after Parkland moved for summary judgment. *See* P. Br. 4 ("Plaintiff has filed its motion as soon as practicable after becoming aware of Defendant's arguments, which were raised for the first time in Defendant's Motion for Summary Judgment."); P. Reply Br. 6 ("Until Defendant raised the issue of adequacy of pleading the straight-time claims in its motion for summary judgment, Plaintiff had no reason to move to amend."). This is not a reasonable explanation for failing to seek timely leave to amend. Indeed, it compellingly demonstrates the considerable prejudice that Parkland would incur if Valcho were permitted to add the state-law claims.

This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment. *See, e.g.*, *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 2592353, at *3 (N.D. Tex. Sept. 10, 2007) (Fitzwater, J.) (denying motion for leave to amend after summary judgment motion filed); *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *11 (N.D.

Tex. Nov. 21, 2005) (Fitzwater, J.) (same).  And, as the Fifth
Circuit has recognized, "'[t]o grant . . . leave to amend is
potentially to undermine [a party's] right to prevail on a motion
that necessarily was prepared without reference to an unanticipated
amended complaint . . . .  A party should not, without adequate
grounds, be permitted to avoid summary judgment by the expedient of
amending its complaint.'"  *Overseas Inns S.A. P.A. v. U.S.*, 911
F.2d 1146, 1151 (5th Cir. 1990) (quoting this court's opinion
below), *aff'g*, 685 F. Supp. 968 (N.D. Tex. 1988) (Fitzwater, J.).
Although Valcho's FLSA claim would still be dismissed, Parkland
would face state-law analogs at the eleventh hour as a direct
result of Valcho's failure to recognize early-on that her straight-
time claims under the FLSA were of dubious merit.

The prejudice of allowing Valcho to amend cannot be cured by
a continuance.  Moreover, the prejudice in the present case would
be exacerbated because the parties have already filed their
pretrial materials and are in the final preparations for trial.[13]

After assessing the factors together, the court concludes that
Valcho has not demonstrated good cause to modify the scheduling
order to allow her to file the amended pleading.  Accordingly, the
court denies Valcho's motion for leave to amend the pleadings to

---

[13]The trial date was set for August 3, 2009 when Valcho moved
to amend, but the court has since continued the trial date to
October 5, 2009.  This difference in trial dates is insufficient to
alter the court's reasoning.

- 25 -

conform to the evidence.

*       *       *

The court grants in part and denies in part Parkland's May 1, 2009 motion for summary judgment. It grants summary judgment dismissing Valcho's claims for unpaid overtime wages, and dismissing her claim for unpaid straight-time wages for the period before March 30, 2005. The court denies summary judgment as to Valcho's claims for unpaid straight-time for those weeks during the periods March 30, 2005 to November 7, 2005, and November 7, 2005 and thereafter, when she worked overtime hours (i.e., more than 40 hours), and as to Valcho's claim for liquidated damages. The court denies Valcho's June 30, 2009 motion for leave to amend the pleadings to conform to the evidence.

**SO ORDERED.**

August 14, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE