```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

ANGELA VALCHO,                    §
                                  §
                 Plaintiff,       §
                                  § Civil Action No. 3:07-CV-1853-D
VS.                               §
                                  §
DALLAS COUNTY HOSPITAL            §
DISTRICT d/b/a PARKLAND HEALTH    §
AND HOSPITAL SYSTEM,              §
                                  §
                 Defendant.       §
```

MEMORANDUM OPINION
AND ORDER

In this action by a hospital nurse against her former employer to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, defendant moves to open and close at trial and to initiate the presentation of evidence. For the reasons that follow, the court denies the motion.[1]

I

Plaintiff Angela Valcho ("Valcho") sues defendant Dallas County Hospital District, doing business as Parkland Health and Hospital System ("Parkland"), to recover under the FLSA. Parkland moves to open and close at trial and to initiate the presentation of evidence. After Parkland filed the motion, the court issued a

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

memorandum opinion and order granting in part and denying in part Parkland's motion for summary judgment. *See Valcho v. Dallas County Hosp. Dist.*, 2009 WL 2486031, at *1, *10 (N.D. Tex. Aug. 14, 2009) (Fitzwater, C.J.). Parkland argues that the normal order at trial should be altered because it bears the burden of proving that Valcho was an exempt employee under the FLSA. Parkland contends in its motion that the outcome of the exemption question is the predominant issue in the case.

                                II

This court has the discretion to alter the normal sequence of trial presentations. *See Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. Dec. 1981). It has previously allowed a defendant bearing the primary burden of proof to open and close at trial. *See, e.g., Sweet Jan Joint Venture v. FDIC*, 809 F. Supp. 1253, 1258 (N.D. Tex. 1992) (Fitzwater, J.). Likewise, courts presented with FLSA cases similar to this one have agreed to reassign the right to open and close. *See, e.g., Reyes v. Tex. EzPawn, L.P.*, 2007 WL 3143315, at *3 (S.D. Tex. 2007) ("[F]airness mandates that the party which bears the burden of proof on the central issue remaining in the case should be entitled to open and close first.").

The court declines to reverse the trial sequence in this case, however, because Valcho's status as an exempt employee, and Parkland's burden of proof on this issue, were made irrelevant by

the court's summary judgment ruling.  Valcho's disputed exempt status was only pertinent to the period before March 30, 2005. "March 30, 2005 corresponds to the last day Parkland classified Valcho as a professional exempt from the FLSA's overtime pay requirements.  On March 30, 2005 Parkland reclassified Valcho and other nurses as nonexempt employees and began paying them time and one-half for overtime hours." *Valcho*, 2009 WL 2486031, at *1 n.2; *see also id.* at *4-*7.  The court "grant[ed] summary judgment dismissing Valcho's claims for unpaid overtime wages, and dismissing her claim for unpaid straight-time wages for the period before March 30, 2005."  *Id.* at *10.  Although the court denied summary judgment as to Valcho's other claims, none of them implicates the question of her status as an exempt employee.  *See id.* at *7-*8.  Therefore, any argument that Valcho's status as an exempt employee is the predominant issue in this case falls away,[2] as does Parkland's argument for seeking the right to open and close.

---

[2]Because the court's summary judgment ruling disposed of all claims involving the exemption question, the court need not analyze whether, had those claims survived summary judgment, Parkland would be entitled to reversal of the sequence at trial.

\*     \*     \*

Accordingly, Parkland's July 13, 2009 motion to open and close at trial and to initiate the presentation of evidence is denied.

**SO ORDERED.**

August 28, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE